IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| YELLOWSTONE COUNTY JUSTICE COURT,<br><br>Plaintiff,<br><br>v.<br><br>ARLENE ROSE FINCO,<br><br>Defendant. | CV 15-00068-BLG-SPW-CSO<br><br>RECOMMENDATION AND ORDER TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND REMAND |

This matter comes before the Court on Defendant Arlene Finco's "Removal Notice to Federal Court." *ECF 1*. The filing has been construed as a Notice of Removal of a Criminal Action pursuant to 28 U.S.C. § 1443(1). Finco has also filed a Motion for Leave to Proceed in forma pauperis. *ECF 2*. The Motion to Proceed in Forma Pauperis should be denied, the Notice of Removal should be dismissed, and this matter should be remanded back to Yellowstone County Justice Court.

I. **Motion to Proceed in Forma Pauperis**

Indigent litigants may proceed in forma pauperis upon completion of a proper affidavit of indigency. 28 U.S.C. § 1915(a). The Court, however, has broad discretion in denying a motion to proceed in forma

1

pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First National Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). Finco's motion should be denied. The notice is untimely and does not meet the criteria for removal.

## II. Notice of Removal

Finco's Notice of Removal is untimely. "A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier," unless the defendant can show good cause to extend the filing date. 28 U.S.C. § 1455(b)(1). Further, "[i]f it clearly appears ... that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Finco failed to provide a copy of all process, pleadings, and orders served upon her in the criminal action as required by the statute. 28 U.S.C. § 1455(a). Based upon the documents attached to her notice, however, it is clear that Finco was arraigned in state court more than

30 days before the filing of the Notice of Removal. The Notice to Appear and Complaint is dated April 21, 2015. *Notice of Removal, ECF 1 at 1; Notice to Appear and Complaint, ECF 1-1 at 3.* The Order setting Bail/Trial and Finco's Acknowledgment of Rights and Penalties are dated May 18, 2015. *Order setting Bail/Trial, ECF 1-1 at 1; Acknowledgment of Rights, ECF 1-1 at 4.* Therefore, it is clear that Finco was arraigned at the latest on May 18, 2015. The Notice of Removal was received by the Court on July 21, 2015 (*ECF 1*), more than 30 days after arraignment. Finco does not demonstrate good cause for the delay. Thus, the Notice is untimely.

Even if Finco's Notice had been timely filed, she is not a criminal defendant "who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). The Supreme Court has repeatedly held that removal under § 1443(1) will only be permitted if the defendant can satisfy a two-part test. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). It must appear that the defendant is: (1) deprived rights guaranteed by

federal laws providing for racial equality; and (2) denied or cannot enforce their rights in state court usually because of a state statute or constitutional provision. *Id.*; *see also Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006).

Here, Finco failed to meet either prong of the test. She argues that she is disabled and therefore there is federal subject matter jurisdiction under the Americans with Disabilities Act (ADA). *Notice, ECF 1 at 1*. But an allegation under the ADA is an insufficient basis upon which to remove a criminal prosecution. "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson*, 421 U.S. at 219. Further, Finco puts forward no evidence that indicates she cannot enforce her rights in state court due to a state statute or constitutional provision. Finco does not meet the necessary requirements to remove based on a claim under § 1443(1).

## III. Conclusion

Finco's removal notice is untimely and does not meet the

necessary requirements for removal pursuant to 28 U.S.C. § 1443. These are not defects which could be cured by amendment. Accordingly, the Motion to Proceed in Forma Pauperis should be denied, the Notice of Removal should be dismissed, and this matter should be remanded to the Yellowstone County Justice Court.

Because Finco is not entitled to a ten-day period to object, this Order will be entered directly upon endorsement. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration will be entertained.

Based upon the foregoing, the Court **RECOMMENDS** that the following Order be issued by Judge Watters.

DATED this 21st day of July, 2015.

_____
United States Magistrate Judge

Based upon the above Recommendation by Judge Ostby, the Court issues the following:

**ORDER**

1. The Notice of Removal (*ECF 1*) and Motion for Leave to

5

Proceed in Forma Pauperis (*ECF 2*) are DENIED.

2. This matter is remanded to the Yellowstone County Justice Court.

3. The Clerk of Court is directed to send a certified copy of this Order of Remand to the Clerk of Court for Yellowstone County Justice Court.

4. The Clerk of Court is directed to send a copy of this Order to Deputy County Attorney Morgan Shaw, 217 North 27th Street, #710, Billings, MT 59101 and the Montana Highway Patrol, 2550 Prospect Avenue, Helena, MT 59601.

DATED this 23 day of July, 2015.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge